# EXHIBIT A

 Gmail

**Shirin Buckman <shirinbuckmanlaw@gmail.com>**

---

**proposed TAC filing in Williams v. MTA**
1 message

---

**Lisa Holder** <lisaholder@yahoo.com>                          Mon, Jan 7, 2019 at 1:11 PM
Reply-To: Lisa Holder <lisaholder@yahoo.com>
To: "Armand J. Jaafari" <ajaafari@imwlaw.com>
Cc: Alana Yakovlev <walkfreelaw@gmail.com>, "Esq. Shirin Buckman" <shirinbuckmanlaw@gmail.com>

Hello Armand
I am attaching a proposed third amended complaint with all changes highlighted and underlined for your review.  We intend to file the TAC shortly so please advise whether you will be opposing the request for leave to amend or whether you are amenable to stipulating to the filing.  The substantive changes to the operative are limited to the following 1) excising Anne Richardson's name from pleadings; 2) articulating a more definite statement regarding declaratory/injuctive relief per the 2 new COAs 14/15; and 3) dismissing Mr. Hill from the 13th COA for IIED.

Please confirm receipt and advise as soon as possible as to your position.

Thanks

Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610
http://www.civilrightslawyerla.com
https://twitter.com/civilrightsla

This message is for the intended recipient only as it may contain confidential or privileged information.  It is from the Law Offices of LISA HOLDER.  Any interception, detection, infection, inspection, hoodoo, voodoo, sneak and peek, or any other unethical or unconstitutional spying is strictly prohibited.  If you have received this email in error please destroy it and let me know of my mistake.

Thank you for your cooperation

No Ban, No Wall, No Registry.  Never Again!

---

 **Proposed Third Amended Complaint v3.pdf**
448K

 Gmail

**Shirin Buckman <shirinbuckmanlaw@gmail.com>**

## Re: proposed TAC filing in Williams v. MTA
1 message

**Lisa Holder** <lisaholder@yahoo.com>                                                                                 Mon, Jan 14, 2019 at 2:50 PM
Reply-To: Lisa Holder <lisaholder@yahoo.com>
To: "Armand J. Jaafari" <AJaafari@imwlaw.com>
Cc: Alana Yakovlev <walkfreelaw@gmail.com>, "Esq. Shirin Buckman" <shirinbuckmanlaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Hi Armand,

Just following up on this TAC.  Please let me know whether you will be opposing or stipulating to
the filing of the TAC.

Thanks

Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610
http://www.civilrightslawyerla.com
https://twitter.com/civilrightsla

This message is for the intended recipient only as it may contain confidential or privileged
information.  It is from the Law Offices of LISA HOLDER.  Any interception, detection, infection,
inspection, hoodoo, voodoo, sneak and peek, or any other unethical or unconstitutional spying is
strictly prohibited.  If you have received this email in error please destroy it and let me know of my
mistake.

Thank you for your cooperation


No Ban, No Wall, No Registry.  Never Again!


On Monday, January 7, 2019, 2:02:20 PM PST, Armand J. Jaafari <AJaafari@imwlaw.com> wrote:


Hi Lisa,


I will review the TAC shortly and advise of Defendant's contention, should there be any, by the end of the
day.


Additionally, in light of Plaintiffs' position with regard to the parties' protective order, Defendant requests a
three (3) week extension from January 13, 2019 to respond to Plaintiff Kathleen Williams Request for
Production of Documents. While I do not believe the full three (3) weeks will be required, I want to afford the
parties sufficient time to further meet and confer on the outstanding issues surrounding the protective order.

Lastly, please include Martha Carrillo on all further communications.


Thank you,


Armand

---

**From:** Lisa Holder [mailto:lisaholder@yahoo.com]
**Sent:** Monday, January 07, 2019 1:11 PM
**To:** Armand J. Jaafari
**Cc:** Alana Yakovlev; Esq. Shirin Buckman
**Subject:** proposed TAC filing in Williams v. MTA


Hello Armand

I am attaching a proposed third amended complaint with all changes highlighted and underlined for your review.  We intend to file the TAC shortly so please advise whether you will be opposing the request for leave to amend or whether you are amenable to stipulating to the filing.  The substantive changes to the operative are limited to the following 1) excising Anne Richardson's name from pleadings; 2) articulating a more definite statement regarding declaratory/injuctive relief per the 2 new COAs 14/15; and 3) dismissing Mr. Hill from the 13th COA for IIED.


Please confirm receipt and advise as soon as possible as to your position.


Thanks


Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610

http://www.civilrightslawyerla.com

https://twitter.com/civilrightsla


This message is for the intended recipient only as it may contain confidential or privileged information.  It is from the Law Offices of LISA HOLDER.  Any interception, detection, infection, inspection, hoodoo, voodoo, sneak and peek, or any other unethical or unconstitutional spying is strictly prohibited.  If you have received this email in error please destroy it and let me know of my mistake.

Thank you for your cooperation


No Ban, No Wall, No Registry.  Never Again!

# EXHIBIT B

 **Shirin Buckman <shirinbuckmanlaw@gmail.com>**

## RE: proposed TAC filing in Williams v. MTA
1 message

**Armand J. Jaafari** <AJaafari@imwlaw.com>                                          Mon, Jan 7, 2019 at 2:02 PM
To: Lisa Holder <lisaholder@yahoo.com>
Cc: Alana Yakovlev <walkfreelaw@gmail.com>, "Esq. Shirin Buckman" <shirinbuckmanlaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Hi Lisa,

I will review the TAC shortly and advise of Defendant's contention, should there be any, by the end of the day.

Additionally, in light of Plaintiffs' position with regard to the parties' protective order, Defendant requests a three (3)
week extension from January 13, 2019 to respond to Plaintiff Kathleen Williams Request for Production of
Documents. While I do not believe the full three (3) weeks will be required, I want to afford the parties sufficient time
to further meet and confer on the outstanding issues surrounding the protective order.

Lastly, please include Martha Carrillo on all further communications.

Thank you,

Armand

**From:** Lisa Holder [mailto:lisaholder@yahoo.com]
**Sent:** Monday, January 07, 2019 1:11 PM
**To:** Armand J. Jaafari
**Cc:** Alana Yakovlev; Esq. Shirin Buckman
**Subject:** proposed TAC filing in Williams v. MTA

Hello Armand

I am attaching a proposed third amended complaint with all changes highlighted and underlined for your review. We intend to file the
TAC shortly so please advise whether you will be opposing the request for leave to amend or whether you are amenable to stipulating to
the filing. The substantive changes to the operative are limited to the following 1) excising Anne Richardson's name from pleadings; 2)
articulating a more definite statement regarding declaratory/injuctive relief per the 2 new COAs 14/15; and 3) dismissing Mr. Hill from the
13th COA for IIED.

Please confirm receipt and advise as soon as possible as to your position.

Thanks


Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610

http://www.civilrightslawyerla.com

https://twitter.com/civilrightsla


This message is for the intended recipient only as it may contain confidential or privileged information.  It is from the Law Offices of LISA HOLDER.  Any interception, detection, infection, inspection, hoodoo, voodoo, sneak and peek, or any other unethical or unconstitutional spying is strictly prohibited.  If you have received this email in error please destroy it and let me know of my mistake.

Thank you for your cooperation


No Ban, No Wall, No Registry.  Never Again!

# EXHIBIT C

 Gmail

**Shirin Buckman <shirinbuckmanlaw@gmail.com>**

## RE: proposed TAC filing in Williams v. MTA
1 message

**Armand J. Jaafari** <AJaafari@imwlaw.com>                    Mon, Jan 14, 2019 at 6:19 PM
To: Lisa Holder <lisaholder@yahoo.com>
Cc: Alana Yakovlev <walkfreelaw@gmail.com>, "Esq. Shirin Buckman" <shirinbuckmanlaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Hi Lisa,


I apologize for the delay. Just to update you on the matter, I have advised the lead counsel, Rickey Ivie, of both the
TAC and protective order. While I do not have any personal protest to the proposed protective order nor the TAC, I
have to await confirmation by the lead counsel. I will follow up once more this evening and will advise accordingly.


-Armand

---

**From:** Lisa Holder [mailto:lisaholder@yahoo.com]
**Sent:** Monday, January 14, 2019 2:51 PM
**To:** Armand J. Jaafari
**Cc:** Alana Yakovlev; Esq. Shirin Buckman; Martha Carrillo
**Subject:** Re: proposed TAC filing in Williams v. MTA


Hi Armand,


Just following up on this TAC.  Please let me know whether you will be opposing or stipulating to the filing of the TAC.


Thanks


Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610

http://www.civilrightslawyerla.com

https://twitter.com/civilrightsla


This message is for the intended recipient only as it may contain confidential or privileged information.  It is from the Law Offices of
LISA HOLDER.  Any interception, detection, infection, inspection, hoodoo, voodoo, sneak and peek, or any other unethical or
unconstitutional spying is strictly prohibited.  If you have received this email in error please destroy it and let me know of my mistake.

Thank you for your cooperation

No Ban, No Wall, No Registry.  Never Again!

On Monday, January 7, 2019, 2:02:20 PM PST, Armand J. Jaafari <AJaafari@imwlaw.com> wrote:

Hi Lisa,

I will review the TAC shortly and advise of Defendant's contention, should there be any, by the end of the day.

Additionally, in light of Plaintiffs' position with regard to the parties' protective order, Defendant requests a three (3) week extension from January 13, 2019 to respond to Plaintiff Kathleen Williams Request for Production of Documents. While I do not believe the full three (3) weeks will be required, I want to afford the parties sufficient time to further meet and confer on the outstanding issues surrounding the protective order.

Lastly, please include Martha Carrillo on all further communications.

Thank you,

Armand

---

**From:** Lisa Holder [mailto:lisaholder@yahoo.com]
**Sent:** Monday, January 07, 2019 1:11 PM
**To:** Armand J. Jaafari
**Cc:** Alana Yakovlev; Esq. Shirin Buckman
**Subject:** proposed TAC filing in Williams v. MTA

Hello Armand

I am attaching a proposed third amended complaint with all changes highlighted and underlined for your review.  We intend to file the TAC shortly so please advise whether you will be opposing the request for leave to amend or whether you are amenable to stipulating to the filing.  The substantive changes to the operative are limited to the following 1) excising Anne Richardson's name from pleadings; 2) articulating a more definite statement regarding declaratory/injuctive relief per the 2 new COAs 14/15; and 3) dismissing Mr. Hill from the 13th COA for IIED.

Please confirm receipt and advise as soon as possible as to your position.

Thanks


Law Offices of LISA HOLDER
P.O. Box 65694
Los Angeles, CA 90065
323 . 683 . 6610

http://www.civilrightslawyerla.com

https://twitter.com/civilrightsla


This message is for the intended recipient only as it may contain confidential or privileged information.  It is from the Law Offices of LISA HOLDER.  Any interception, detection, infection, inspection, hoodoo, voodoo, sneak and peek, or any other unethical or unconstitutional spying is strictly prohibited.  If you have received this email in error please destroy it and let me know of my mistake.

Thank you for your cooperation


No Ban, No Wall, No Registry.  Never Again!

# EXHIBIT D

 Gmail

**Shirin Buckman <shirinbuckmanlaw@gmail.com>**

---

## Meet and Confer re: Williams v. MTA, et al.
1 message

---

**Armand J. Jaafari** <AJaafari@imwlaw.com>                    Mon, Mar 25, 2019 at 9:17 PM
To: "Shirin Buckman, Esq." <shirinbuckmanlaw@gmail.com>
Cc: Lisa Holder <lisaholder@yahoo.com>, Alana Yakovlev <walkfreelaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Counsel,


Please see the attached. Should you wish to discuss this matter further, please do not hesitate to contact me at your
earliest convenience.


Sincerely,




**Armand J. Jaafari | Attorney**

**IVIE, McNEILL & WYATT**

444 S. Flower Street, 18th Floor

Los Angeles, CA  90071

Phone: (213) 489-0028| Fax: (213) 489-0552

e-mail: ajaafari@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence in Legal Services"*

---

 **Meet & Confer 2.pdf**
272K



Armand J. Jaafari, Esq.
Email: ajaafari@imwlaw.com
Phone: (213) 489-0028 Ext. 158

March 25, 2019

**_Sent via Email_**

Shirin Buckman
**LAW OFFICE OF SHIRIN BUCKMAN**
PO Box 1053
Los Angeles, CA 90028

ALANA YAKOVLEV
**WALK FREE LAW**
611 S. Catalina Street, Suite 222
Los Angeles, CA 90005

**RE:**   <u>Kathleen Williams, et al. v. City of Long Beach, et al.</u>
       Case No.: 2:18-CV-01069

Dear Counsel,

Please be advised that this is an initial attempt to meet and confer in accordance to LR 7-3 in connection with an anticipated motion to dismiss the Third Amended Complaint under Rule 12(b)(6) due to Plaintiff's failure to adequately state a claim against Defendant Los Angeles County Metropolitan Transit Authority ("LACMTA"). After you have had an opportunity to review this letter, please contact the undersigned so we can discuss this matter further.

My client's responsive pleading is due **Monday, April 1, 2019**. If you believe we will benefit from additional time to meet and confer regarding the merits and contours of the complaint, I am amenable to entering into a stipulation to extend the time for filing a responsive pleading subject to court approval.

**I.     <u>§ 1983 - _Monell_ Claim & § 1981 Claim – Denial of Equal Protection</u>**

A municipality may be liable under Section 1983 where the harm suffered by the plaintiff is the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or is the result of the entity's custom. _Monell v. Department of Social Services of the City of New York_, 436 U.S. 658, 690-691, (1978). However, municipal liability <u>is not based on respondeat superior</u>. See _St. Louis v._

RE:  Kathleen Williams., et al. v. City of Long Beach., et al
March 25, 2019
Page 2

*Praprotnik* (1988) 485 U.S. 112, 108 S.Ct. 915, 927 [restating and reaffirming *Monell*'s rejection

of respondeat superior]; *Jett v. Dallas Independent School Dist*. (1989) 491 U.S. 701, 109 S.Ct. 2702,

2722 [action under 42 U.S.C., § 1983 is exclusive federal damages remedy for violation of 42 U.S.C., §

1981 (supra, § 886) by state actor; hence, municipality may not be held liable

under respondeat superior theory]; *Board of County Commrs. of Bryan County, Oklahoma v. Brown*

(1997) 520 U.S. 397, 117 S.Ct. 1382, 1388.

 Here, LACMTA cannot be found liable based on respondeat superior. As alleged, LACMTA had

no role in developing nor instituting any policy, practice, or customs for law enforcement agents. Indeed,

such policies were devised, and properly alleged, by a separate municipality. Paragraph 48 of the FAC

states that Defendant does not provide any guidance or oversight for the Long Beach Police Department

in their deployment on LACMTA platforms, buses, trains, and bus and train stops in regards to fare and

code of conduct enforcement. Further paragraphs 69-72 of the FAC states that Defendants City of Long

Beach, Long Beach Police Department and Luna, as the Chief of Police, devise, institute and enforced the

policy, custom and practice that is the subject of this litigation. Lastly, Paragraph 93 states that the law

enforcement agents were simply contracted to work with LACMTA. Undoubtedly, the LBPD is better

suited to enforce the law than the LACMTA; it is their trained area of expertise.

 Similarly, Plaintiffs claim fails under § 1983 because Plaintiffs fail to allege that LACMTA had

any role in the institution or enforcement of any policies that denies any person equal protection of the

law.

 For such reason, LACMTA cannot be found liable under § 1981 and § 1983.

**II.**   **California Unruh Civil Rights Act § 51 et seq.**

 Section 52 provides, in pertinent part, "(a) Whoever denies, aids or incites a denial, or makes any

discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for

the actual damages. A plaintiff seeking to establish a case under the Unruh Act must plead and prove

***intentional*** discrimination in public accommodations in violation of the terms of the Act." *Harris v.

Capital Growth Investors XIV* (1991) 52 C3d 1142, 1175 (emphasis added). With the exception of ADA

claims, Unruh Act claims cannot be premised on a disparate impact analysis because such an analysis is

inconsistent with a finding of intentional discrimination. *Id.*

 The language and history of the Unruh Act indicate that the legislative objective was to prohibit

***intentional*** discrimination in access to public accommodations. We have been directed to no authority,

RE:  Kathleen Williams., et al. v. City of Long Beach., et al
March 25, 2019
Page 3

nor have we located any, that would justify extension of a disparate impact test, which has been developed and applied by the federal courts to a general discrimination-in-public-accommodations statute like the Unruh Act.

Here, Plaintiffs do not allege that LACMTA intentionally discriminated against any patron. The "Honor System" that LACMTA institutes is a code of ethics that is provided to, as well as enforced against all patrons. The disparate impact that Plaintiffs alleges consequentially result from law enforcement is not an intentionally discriminatory act by LACMTA, and thus fail to rise to such cause of action.

**III.      California Ralph Act § 51.7**

The elements of a Ralph Act claim are (a) defendant threatened or committed violent acts against plaintiff; (b) a motivating reason was defendant's perception of plaintiff's protected characteristic (e.g., age, disability, etc.); (c) plaintiff was harmed; and (d) defendant's conduct was a substantial factor in causing that harm. *Austin B. v. Escondido Union School Dist*. (2007) 149 CA4th 860, 880-881. Threat that person may be arrested by lawful authorities is not threat of violence and therefore not Ralph Act violation. See *Moreno v. Town of Los Gatos* (9th Cir. 2008) 267 Fed.Appx. 665, 666-667.

The LACMTA, nor any agent/employee thereof, had ever threatened or committed any violent act against the Plaintiffs. The LACMTA is a wholly separate entity from LBPD; MTA does not advise how to enforce the law. More importantly, any threat to arrest fails to constitute as a violation of the Ralph Act.

If you wish to discuss this matter in further detail, I am more than happy to do so, either over the telephone at 213-489-0028 Ext. 158, or in person at a place of your choosing. Please advise, thank you.

Very Truly Yours,

Armand J. Jaafari, Esq.

3

# EXHIBIT E



**Shirin Buckman <shirinbuckmanlaw@gmail.com>**

---

## Re: Meet and Confer re: Williams v. MTA, et al.
1 message

---

**Shirin Buckman, Esq.** <shirinbuckmanlaw@gmail.com>                                    Fri, Mar 29, 2019 at 11:03 AM
To: "Armand J. Jaafari" <AJaafari@imwlaw.com>
Cc: Lisa Holder <lisaholder@yahoo.com>, Alana Yakovlev <walkfreelaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Armand,

Plaintiffs' counsel have had an opportunity to review your meet and confer letter dated March 25, 2019.  As I expressed in our meet and confer earlier this morning, your arguments in the letter are wholly a "cut and paste," almost <u>verbatim</u>, of your previous motion to dismiss, which was denied unequivocally by Judge Birotte (I am attaching the Minute Order for your reference).  As you recall, Judge Birotte was quite adamant that your exact arguments were legally and factually inadequate and that your firm was wholly remiss in supporting them with adequate evidence and documentation.

Plaintiffs' Third Amended Complaint simply adds injunctive and declaratory relief and includes no new facts or claims.  Accordingly, a renewed motion to dismiss is unnecessary, overly-burdensome, oppressive, and intended to harass Plaintiffs, particularly since your renewed Motion to Dismiss appears to be, according to your meet and confer, a verbatim recycling of your previous Motion to Dismiss.  Therefore, should IMW file a Motion to Dismiss, Plaintiffs will seek--and likely be awarded--sanctions for fees and costs in opposing your Motion to Dismiss and defending the opposition.  In addition, another verbatim Motion to Dismiss--with no meritorious facts, claims, or arguments--will also likely exasperate Judge Birotte, as he has already made clear his ruling on your previous inadequate Motion to Dismiss.

Please feel free to contact me if you would like to discuss further.

Thank you,
--
Shirin Buckman, Esq.
Law Office of Shirin Buckman
PO Box 1053
Los Angeles, CA 90078
Phone: (323) 645-7430
Cell: (323) 463-3326
ShirinBuckmanLaw@gmail.com
www.ShirinBuckmanLaw.com

**Confidentiality Notice:** This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy or delete all copies of the original message and any attachments.

On Mon, Mar 25, 2019 at 9:17 PM Armand J. Jaafari <AJaafari@imwlaw.com> wrote:

Counsel,

Please see the attached. Should you wish to discuss this matter further, please do not hesitate to contact me at your earliest convenience.

Sincerely,



**Armand J. Jaafari | Attorney**

**IVIE, McNEILL & WYATT**

444 S. Flower Street, 18th Floor

Los Angeles, CA  90071

Phone: (213) 489-0028| Fax: (213) 489-0552

e-mail: ajaafari@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence in Legal Services"*

---

📄 **Document 072--Ruling on MTA Motion to Dismiss--10-2-18.pdf**
180K

EXHIBIT F

 Gmail

Shirin Buckman <shirinbuckmanlaw@gmail.com>

---

## Re: Meet and Confer re: Williams v. MTA, et al.
1 message

**Shirin Buckman, Esq.** <shirinbuckmanlaw@gmail.com>                                    Mon, Apr 1, 2019 at 1:59 PM
To: "Armand J. Jaafari" <AJaafari@imwlaw.com>
Cc: Lisa Holder <lisaholder@yahoo.com>, Alana Yakovlev <walkfreelaw@gmail.com>, Martha Carrillo
<MCarrillo@imwlaw.com>

Armand,

I'd like to reiterate that a Motion to Dismiss on the Third Amended Complaint, on the same theories, will expose your firm to Rule 11(b),(c) sanctions.

The Ninth Circuit has explicitly held that this section authorizes sanctions only for the "multipli[cation of] proceedings," so it applies only to unnecessary filings and tactics once a lawsuit has begun, and not [only] to an initial pleading. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) .  In the Ninth Circuit, Rule 11 sanctions are appropriately imposed where: (1) a paper is filed with the court for an improper purpose; or (2) the paper is "frivolous." *Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007). A "frivolous" argument or claim is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)) (emphasis added). Accordingly, when sanctions are sought on the basis of a complaint, the Court must determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

In addition, in regards to your argument that your "new theory" departs from the respondeat superior argument in your previous Motion to Dismiss,  it is incoherent and lacks any sort of factual or legal basis, since collusion in the enforcement of Broken Windows is separate from the issue of respondeat superior.  Again, this "new" theory will be subject to sanctions because it is frivolous and duly recycled from your previous Motion to Dismiss.

Thank you,

Shirin Buckman

On Sun, Mar 31, 2019 at 3:39 PM Armand J. Jaafari <AJaafari@imwlaw.com> wrote:

> Counsel,
>
>
> As discussed during our telephonic meet and confer on Friday, Defendant's argument will be further expanded on based on the Court's previous Minute Order. While our position is fundamentally similar in that respondeat superior cannot be attributed to a public entity – we further supplement this notion that, pursuant to Plaintiff's allegations, MTA has not 'trained or supervised' LBPD officer to enforce any alleged policy. Therefore, LBPD cannot be sensibly adopt this "Broken Window" policy that Plaintiff alleges absent any allegation that MTA has trained LBPD to enforce it. Defendant takes recognition of the Court's order and the deficiencies alluded by the honorable Judge Birotte. Yet, Plaintiff's allegations remain contradictory and patently incurable. If you wish to further discuss on this issue please do not hesitate to contact me – although I genuinely hope that you do not have to expend unnecessary time from your weekend to do so.
>
>
> Best,
>
> Armand

**From:** Shirin Buckman, Esq. [mailto:shirinbuckmanlaw@gmail.com]
**Sent:** Friday, March 29, 2019 11:03 AM
**To:** Armand J. Jaafari
**Cc:** Lisa Holder; Alana Yakovlev; Martha Carrillo
**Subject:** Re: Meet and Confer re: Williams v. MTA, et al.


[EXTERNAL EMAIL]


Armand,


Plaintiffs' counsel have had an opportunity to review your meet and confer letter dated March 25, 2019.  As I expressed in our meet and confer earlier this morning, your arguments in the letter are wholly a "cut and paste," almost <u>verbatim</u>, of your previous motion to dismiss, which was denied unequivocally by Judge Birotte (I am attaching the Minute Order for your reference).  As you recall, Judge Birotte was quite adamant that your exact arguments were legally and factually inadequate and that your firm was wholly remiss in supporting them with adequate evidence and documentation.


Plaintiffs' Third Amended Complaint simply adds injunctive and declaratory relief and includes no new facts or claims.  Accordingly, a renewed motion to dismiss is unnecessary, overly-burdensome, oppressive, and intended to harass Plaintiffs, particularly since your renewed Motion to Dismiss appears to be, according to your meet and confer, a verbatim recycling of your previous Motion to Dismiss.  Therefore, should IMW file a Motion to Dismiss, Plaintiffs will seek--and likely be awarded--sanctions for fees and costs in opposing your Motion to Dismiss and defending the opposition.  In addition, another verbatim Motion to Dismiss--with no meritorious facts, claims, or arguments--will also likely exasperate Judge Birotte, as he has already made clear his ruling on your previous inadequate Motion to Dismiss.


Please feel free to contact me if you would like to discuss further.


Thank you,

--

Shirin Buckman, Esq.

Law Office of Shirin Buckman

PO Box 1053

Los Angeles, CA 90078

Phone: (323) 645-7430

Cell: (323) 463-3326

ShirinBuckmanLaw@gmail.com

www.ShirinBuckmanLaw.com


**Confidentiality Notice:** This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination,

copying or action taken based on this message or its attachments, if any, is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy or delete all copies of the original message and any attachments.

On Mon, Mar 25, 2019 at 9:17 PM Armand J. Jaafari <AJaafari@imwlaw.com> wrote:

Counsel,

Please see the attached. Should you wish to discuss this matter further, please do not hesitate to contact me at your earliest convenience.

Sincerely,



**Armand J. Jaafari | Attorney**

**IVIE, McNEILL & WYATT**

444 S. Flower Street, 18th Floor

Los Angeles, CA  90071

Phone: (213) 489-0028| Fax: (213) 489-0552

e-mail: ajaafari@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence in Legal Services"*

**[EXTERNAL EMAIL]**

This email originated from outside of your organization. Do not click links or open attachments in this email unless you identify the email sender as a valid external sender and have a high degree of confidence that the email's content is safe. If you instead identify the email sender as an internal sender, but the email has been tagged as being from an external sender, DO NOT TAKE ANY ACTION on this email and notify IT support immediately; this is likely a spear phishing attack.

--
Shirin Buckman, Esq.
Law Office of Shirin Buckman
PO Box 1053
Los Angeles, CA 90078
Phone: (323) 645-7430
Cell: (323) 463-3326

ShirinBuckmanLaw@gmail.com
www.ShirinBuckmanLaw.com

**Confidentiality Notice:** This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy or delete all copies of the original message and any attachments.