**RICKEY IVIE, ESQ. (S.B.N.: 76864)**
rivie@imwlaw.com
**W. KEITH WYATT, ESQ. (S.B.N. 80859)**
wkwyatt@imwlaw.com
**ARMAND J. JAAFARI, ESQ. (S.B.N.: 316607)**
ajaafari@imwlaw.com
**IVIE, McNEILL & WYATT**
**A Professional Law Corporation**
**444 S. Flower Street, Suite 1800**
**Los Angeles, CA  90071**
**Tel:   (213) 489-0028**
**FAX: (213) 489-0552**

**Public Entity Exempt from Filing Fee**

Attorneys for Defendant **LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN WILLIAMS, an individual; and MICHAEL HILL, an individual<br><br>Plaintiffs,<br>vs.<br><br>CITY OF LONG BEACH, a municipal entity; LONG BEACH POLICE DEPARTMENT, a municipal entity; Officer ROBERT J. CRUZ;  Officer NORMAN A. DUMAPLIN; Sergeant JONATHAN STEINHAUSER; LOS ANGELES COUTNY METROPOLITAN TRANSIT AUTHORITY,  a municipal entity; and DOES 1-10.<br><br>Defendants. | CASE NO: 2:18-cv-01069<br><br>**DEFENDANT LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE THRID AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      May 3, 2019<br>Time:      10:00 a.m.<br>Courtroom: 7B<br>Judge:     Hon. Andre Birotte, Jr.<br>Complaint: May 7, 2018<br>Trial Date:  TBD |

1

TO:   ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant **LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY** presents this reply to plaintiffs' opposition to defendant's Motion To Dismiss the Third Amended Complaint (TAC). This reply is based on the attached Memorandum of Points and Authorities, all records on file in this case, and such other matters as the Court may consider.

Dated: April 19, 2019                                **IVIE, McNEILL & WYATT**

By: __/s/W. Keith Wyatt_____
**RICKEY IVIE**
**W. KEITH WYATT**
**ARMAND J. JAAFARI**
**Attorneys for Defendant**
**LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY**

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Los Angeles County Metropolitan Transit Authority (LACMTA) submits this reply to the opposition (Dkt. No. 91) filed by plaintiffs to defendant LACMTA's Motion to Dismiss (Dkt. No. 87) the TAC (Dkt. No. 83) in this action. Defendant LACMTA contends that plaintiffs failed to comply with California state law requirements to file claims for damages pursuant to *Government Code* §945.4. Further, defendant LACMTA contends that plaintiffs' TAC fails to state plausible facts, as opposed to implausible conclusions of law, upon which relief can be granted.

### II. PLAINTIFFS FAILED TO COMPLY WITH THE CLAIMS FILING REQUIREMENTS OF THE CALIFORNIA TORT CLAIMS ACT, THEREFORE, ALL OF THEIR CLAIMS BASED ON CALIFORNIA STATE LAW MUST BE DISMISSED WITHOUT LEAVE TO AMEND

Plaintiffs' TAC alleges four California state law causes of action against defendant LACMTA – the 7th cause of action for violation of California Civil Rights Act (California Civil Code §51); the 8th cause of action for violation of California Civil Rights Act (California Civil Code §51.7); the 14th cause of action for declaratory relief; and the 15th cause of action for equitable and injunctive relief – for which plaintiffs failed to allege compliance with the claims filing requirements of the California Tort Claims Act as to LACMTA. Their TAC does allege compliance with the claims filing requirements by plaintiff Williams against defendant City of Long Beach (TAC ¶11).

Plaintiffs' opposition concedes that they do not oppose dismissal of their state claims against defendant LACMTA on the grounds that they failed to comply with the claims filing requirements. However, plaintiffs contend that they are

entitled to proceed with their claims to the extent that they only seek declaratory and injunctive relief and do not seek to recover monetary damages. They did not cite any authority for this proposition. Further, all of plaintiffs' state causes of action incorporate every prior allegation of their complaint including their claims for general damages, compensatory damages, punitive damages and attorney's fees. (TAC ¶¶ 36, 74, 75, 76, 77, 78, 79, 90, 110, 111, 115, 116, 117, 118, 155 and 157). Therefore, all of plaintiffs' state law claims should be dismissed with prejudice for failure to comply with the claims filing requirements. *Government Code* §945.4; *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Hacienda La Puente Unified School District v. Honig*, 976 F.2d 487, 494-495 (9th Cir. 1992).

### III. PLAINTIFFS TAC FAILS TO STATE PLAUSIBLE FACTS UPON WHICH RELIEF CAN BE GRANTED AS OPPOSED TO IMPLAUSIBLE CONCLUSIONS OF LAW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557; *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).

In *Iqbal*, a Muslim Pakistani pretrial detainee brought an action against current and former government officials alleging that they took a series of unconstitutional actions against him in connection with his confinement under harsh conditions after separation from the general prison population. He contended that the government officials adopted a policy because of its adverse effects upon an identifiable group. The Court held that those allegations were too conclusory to be entitled to the presumption of truth. The Court also determined that the factual allegations did not plausibly suggest an entitlement to relief.

Similarly, plaintiffs' contentions regarding defendant LACMTA in this action are based totally on conclusory allegations which are not plausible. It is clear that the plaintiffs are alleging causes of action against LACMTA for what they characterize as unconstitutional treatment by the Long Beach Police Department (LBPD) officer defendants and defendant City of Long Beach (CLB) based on a detention, arrest, and incarceration incident which occurred on February 14, 2017.

Both plaintiffs allege they have a prior history being subjected to unfair treatment by LBPD. (TAC ¶¶ 2, 3). They further allege that defendants CRUZ,

5

DUMAPLIN, and STEINHAUSER were police officers employed by CLB and LBPD who were acting under color of law in the course and scope of their employment "at all times relevant to this action". (TAC ¶¶ 4-7).

Plaintiffs allege that defendant CLB is responsible for and administers the LBPD, and the LBPD "promulgates policies and practices for the arrest, seizure, and detention of individuals, including the facilities wherein damages occurred." (TAC ¶ 4). In addition, plaintiffs allege defendant CLB "possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, management, control, operation, administration, employment, assignment, and removal of individual members of the LBPD." (TAC ¶ 4).

Although plaintiffs allege CLB entered into a "legal relationship with the LACMTA to provide law enforcement presence in its public transportation facilities" (TAC ¶4), they do not allege that LACMTA took control for running the Long Beach Police Department away from the City of Long Beach. Indeed it is illogical and implausible to contend that a municipality would allow a public transportation agency to control the conduct of the law enforcement agency the City is responsible for.

The motion to dismiss by LACMTA challenges the allegations in plaintiffs' complaint by which plaintiffs attempt to make a causal connection between the conduct of the LBPD/CLB defendants and LACMTA. Those allegations appear to be based on nothing more than illogical, implausible speculation.

The most logical, plausible explanation for LBPD, or any other law enforcement agency, to conduct law enforcement activities at public venues, including but not limited to LACMTA facilities, is that law enforcement agencies conduct law enforcement activities at all public venues and particularly at public

venues where law enforcement agencies believe a law enforcement presence is necessary for crime prevention and public safety. Indeed, the task of law enforcement agencies is to prevent crime and promote public safety by establishing their presence and enforcing the law.

The fact that LACMTA provides public transportation and establishes public transportation venues for the purpose of providing public transportation does not create a contract between LACMTA and any law enforcement agency. The logical, plausible assumption regarding MTAs Customer Code of Conduct is that it is intended to advise MTA "customers" regarding what is expected from them in accessing and using the public transportation provided by LACMTA to members of the general public.

Somehow plaintiffs have interpreted the conduct of LACMTA in providing public transportation venues and rules for the orderly use of public transportation into a conspiracy to discriminate against and violate the constitutional rights of African-American patrons of LACMTA in the City of Long Beach simply because those venues do not have turnstiles. However, the absence of turnstiles exists for all LACMTA patrons in the City of Long Beach, not just African-American patrons. Plaintiffs do not provide any factual bases that logically or plausibly support the interpretation that a "no turnstiles honor system" discriminates against any particular protected class of people since that system applies to everyone.

Plaintiffs do not attach or allege the existence of any document in which LACMTA instructs, requests, orders, or encourages the LBPD defendants, the City of Long Beach, or any other law enforcement agency to violate the constitutional rights of any LACMTA patrons, including but not limited to African-American patrons. The conclusory allegation that LACMTA, a public transit agency, somehow controls the law enforcement activities of the Long Beach Police

Department, a separate law enforcement agency, simply by formulating a Code of Conduct for all LACMTA patrons has no logical, plausible bases in fact.

Plaintiffs' TAC alleges that LACMTA is "duly empowered to supervise and train its policing agents" to enforce LACMTA rules regarding police engagement on LACMTA train platforms. Again, no facts are alleged from which it could be logically, plausibly determined that a public transit agency controls the conduct of a separate public entity's law enforcement agency regarding the methods and strategies employed by the law enforcement agency in conducting law enforcement activities.

Plaintiffs contend that MTA has a "legal relationship" with the CLB and LBPD by which:

(1) LACMTA has the power to control and supervise LBPD deployment and law enforcement conduct in its stations;
(2) LACMTA has the power to control and supervise LBPD training regarding enforcement of LACMTA regulations and Code of Conduct. (TAC ¶8).

However, those allegations are nothing more than legal conclusions which are made on information and belief without any other factual allegations in support of those legal conclusions. (TAC ¶8). The motion to dismiss by defendant LACMTA requests that the court revisit its consideration of whether the allegations made by plaintiffs regarding the events of February 14, 2017 state a logical, plausible claim against defendant LACMTA.

Plaintiffs' opposition to the motion focuses on this Court's prior ruling regarding the motion to dismiss plaintiff's Second Amended Complaint (SAC). Plaintiffs' opposition states: "…plaintiff is not required to identify the specific superficial principal-agent capacity overlaying the basis for agency and control.

That is a question of fact requiring discovery, and is, thus, an inappropriate basis for dismissal at the pleading stage." (See Dkt. No. 91, at 8:12-15).

This is apparently an admission that plaintiffs have no factual bases for their contentions that LACMTA had any control over the deployment and practices of the LBPD defendants and City of Long Beach in performing law enforcement activities at LACMTA venues in the City of Long Beach. It is also an admission that plaintiffs' contentions are based on legal conclusions instead of facts. Common sense indicates that LACMTA, a public transit agency, does not control the deployment and practices of a law enforcement agency (LBPD) under the jurisdiction of a separate public entity (CLB).

Plaintiffs assert a "law of the case doctrine" in support of their contention that they should not have to address the issue of whether they adequately state sufficient facts to support their claims that LACMTA is somehow responsible for the conduct of the Long Beach Police Department officers who are employed by the City of Long Beach. However, plaintiffs admit that the application of the doctrine is discretionary. Defendant LACMTA requests that this court exercise its discretion to revisit its prior determination regarding the sufficiency of plaintiffs' allegations that LACMTA controls the conduct of Long Beach Police Department officers.

Throughout their opposition, plaintiffs repeatedly make reference to the SAC instead of the TAC which is the basis of defendant LACMTA's motion to dismiss. Plaintiffs appear to be contending that, since they obtained a favorable ruling on the prior motion to dismiss regarding the SAC, they should not have to address whether the allegations of the TAC are logical or plausible.

## IV. CONCLUSION

Based on all of the foregoing arguments and authorities, defendant LACMTA's motion to dismiss should be granted without leave to amend with respect to all of plaintiff's California state law causes of action against defendant LACMTA for failure to comply with the California Tort Claims Act claims filing requirements since plaintiffs concede that they failed to file timely claims for damages with defendant LACMTA.

Further, defendant LACMTA's motion to dismiss should be granted as to all of plaintiff's cause of action against defendant LACMTA based on plaintiffs failure to plead sufficient plausible facts to establish any bases for defendant LACMTA to be held responsible for the alleged conduct of defendants CITY OF LONG BEACH, CRUZ, DUMAPLIN, AND STEINHAUSER.

Dated: April 19, 2019                    **IVIE, McNEILL & WYATT**

                                        **By: /s/W. Keith Wyatt**
                                            **RICKEY IVIE**
                                            **W. KEITH WYATT**
                                            **ARMAND J. JAAFARI**
                                            **Attorneys for Defendant**
                                            **LOS ANGELES COUNTY**
                                            **METROPOLITAN TRANSIT**
                                            **AUTHORITY**

DEFENDANT LACMTA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE THRID AMENDED COMPLAINT